[No. B192721. Second Dist., Div. Four. Mar. 26, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL ANGEL CASTRO-VASQUEZ, Defendant and Appellant.

■■■■■■■■■■■■■■■■■■■■■■

---

Counsel

Law Offices of Manuel Armando Rios, Manuel Armando Rios and Adrienne M. Carroll for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M. Roadarmel, Jr., and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

---

Opinion

MANELLA, J.—

## INTRODUCTION

The record of appellant's 1991 guilty plea does not show that he was given the proper advisement of the potential immigration consequences of his plea, as required by Penal Code section 1016.5.[1] After he was notified that deportation proceedings had been scheduled, appellant filed a statutory motion to vacate the guilty plea; there was no written opposition to the motion. After finding that appellant would not have pled guilty had he been properly advised, the trial court denied the motion on the ground that appellant had failed to establish prejudice. Specifically, the court found appellant had not met his "burden to show that the case would have resulted in a different result had he, in fact, gone to trial." We conclude the court applied the wrong test of prejudice. Accordingly, we reverse the trial court's order and remand with instructions.

## BACKGROUND

In 1991, appellant was charged with a violation of Health and Safety Code section 11351, felony possession of cocaine for sale, to which he pleaded guilty June 7, 1991. Appellant was convicted upon his plea, and the sentencing court suspended imposition of sentence, placed appellant on felony probation and ordered him to serve 180 days in jail.[2]

---

[1] All further references are to the Penal Code, unless otherwise noted.

[2] Appellant had no prior criminal history. The probation officer reported no circumstances in aggravation, and recommended probation—or the low term, if the court imposed prison time. The low term for a violation of Health and Safety Code section 11351 is two years.

On December 12, 2005, appellant filed a motion to vacate the judgment, on the ground that he had not been adequately advised of the immigration consequences of his plea, as required by section 1016.5. The motion alleged that appellant did not know his plea would subject him to deportation, inadmissibility or exclusion from the United States, and that his attorney did not so advise him.[3] The motion also alleged that in July 2004, he received a notice to appear at a "master hearing," which was continued to April 20, 2005, when deportation proceedings based upon his conviction were scheduled for January 31, 2006, and that if he had known his guilty plea would have an adverse effect upon his immigration status, he would not have entered it without first pursuing some other disposition or going to trial.[4]

The trial court directed the original court reporter to prepare a transcript of the 1991 plea and sentencing, and continued hearing on the motion several times, ultimately concluding there was no possibility of obtaining a transcript or the reporter's notes. The minutes of the sentencing court were set forth on a preprinted form with check boxes, and an "x" appeared in the box next to preprinted language that included the following: "Defendant advised of possible effects of plea on any alien/citizenship/probation/parole status." The record shows no other advisement by the court as to immigration consequences. However, the probation officer stated in his report that he told appellant he could be deported and appellant replied, "That's O.K., I have papers."

The trial court denied the motion June 23, 2006, upon finding that appellant had failed to establish prejudice. Appellant timely filed a notice of appeal.

---

[3] Because appellant's conviction is for possession of drugs for sale, he will not only be deported, he will be permanently excluded from the United States. (See 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1182(a)(2)(C)(i), 1229b(a)(3).)

[4] Appellant appeared with counsel at the hearing on the motion, prepared to testify. The prosecutor did not file written opposition to the motion, did not object to the court's hearing the motion upon the allegations and did not ask to cross-examine appellant. Instead, the parties stipulated that if called, appellant would testify that had he been aware, in 1991, that a guilty plea could subject him to future deportation, he would not have entered the plea. In effect, the motion was heard in part upon agreed facts and in part upon offers of proof. As respondent did not object and does not challenge the procedure here, we accept appellant's allegations as the evidence presented below. (Cf. *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 200–202 [96 Cal.Rptr.2d 463, 999 P.2d 686] *(Zamudio)* [§ 1016.5 is silent as to what constitutes a sufficient factual showing by the defendant].)

### DISCUSSION

■ Both now and at the time of its enactment, section 1016.5, subdivision (a) has provided that prior to accepting a guilty or nolo contendere plea, a court must advise the defendant as follows: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The advisement need not be in the statutory language, and substantial compliance is all that is required, "as long as the defendant is specifically advised of all three separate immigration consequences of his plea." (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 174 [130 Cal.Rptr.2d 429].)

Since its enactment, section 1016.5, subdivision (b) also has provided: "If . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

■ "To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement. [Citations.]" (*People v. Totari* (2002) 28 Cal.4th 876, 884 [123 Cal.Rptr.2d 76, 50 P.3d 781] (*Totari*); see *Zamudio, supra*, 23 Cal.4th at pp. 192, 199–200.) To establish prejudice, the defendant must show that it was " ' "reasonably probable" ' " he " 'would not have pleaded guilty if properly advised.' [Citations.]" (*Zamudio*, at p. 210.) We review the trial court's denial of the motion for abuse of discretion. (*Id.* at p. 191.)

In this case, the first element was presumed. The only record of the advisement was the minute order indicating that appellant was "advised of possible effects of plea on any alien/citizenship . . . ." This was insufficient to

show that appellant was advised of all three possible immigration consequences, and as the prosecution presented no further evidence, the presumption was not rebutted. (See *People v. Dubon* (2001) 90 Cal.App.4th 944, 954–955 [108 Cal.Rptr.2d 914].)

The prosecution accepted without discussion appellant's allegation that he had received a notice to appear for deportation proceedings based upon his conviction, and his deportation hearing had been scheduled. This amounted to an implied concession on the part of the prosecution that appellant had established more than a remote possibility that the conviction would have one or more of the adverse immigration consequences specified in section 1016.5. (See *Zamudio, supra,* 23 Cal.4th at p. 202.) We therefore conclude that the second element was undisputed and established.

The controversy at the hearing centered upon the prejudice caused by the nonadvisement. Prejudice results from improper advisement when " 'it is "reasonably probable" the defendant would not have pleaded guilty if properly advised.' [Citations.]" (*Zamudio, supra,* 23 Cal.4th at p. 210.) Appellant offered to prove through his own testimony that he would not have entered a guilty plea if he had been properly advised, but the judge declined to hear the testimony, saying, "I'm assuming he would not have accepted the plea."

Despite having accepted the facts constituting prejudice as established, the trial court found that appellant had not met his burden to show prejudice, because he did not demonstrate that had he gone to trial, a different and more favorable outcome would probably have resulted.[5] In requiring such a showing, the court relied upon *In re Resendiz* (2001) 25 Cal.4th 230 [105 Cal.Rptr.2d 431, 19 P.3d 1171] (*Resendiz*). There, in applying the test of prejudice in the context of misadvisement of immigration consequences by defense counsel, the California Supreme Court held that the defendant must show "he would not have pled guilty and would have insisted, instead, on proceeding to trial. [Citations.]" (*Id.* at p. 253.) The court did not hold that prejudice must be established by showing the probable favorable outcome of any trial; it merely suggested that the probable outcome of a trial was one factor a court could consider in assessing the likelihood that a defendant would have rejected a plea offer: "In determining whether or not a defendant who has pled guilty would have insisted on proceeding to trial had he

---

[5] The record is clear that the court believed prejudice could be shown only by demonstrating the likelihood of a different result at trial. "That's why there's a three-prong test that you have to show that he would—he would have—the result would have been different had he gone to trial." Later, the court restated the proposition: "I am looking at this third prong . . . . He has to show that he would have obtained a different result had he gone to trial."

received competent advice, an appellate court . . . may consider the probable outcome of any trial, to the extent that may be discerned. [Citations.]" (*Id.* at p. 254.) Here, however, there was no need to consider this or any other factor, because the trial court accepted appellant's representation that had he been properly advised, he would not have pled guilty.

Respondent contends that the trial court did not take appellant at his word, and that appellant's self-serving testimony would have been insufficient without corroboration by independent evidence. (See *Resendiz,* 25 Cal.4th at p. 253.)[6] The record shows otherwise. The court assumed appellant would not have accepted the plea, and declined to hear further evidence on that issue. We agree the trial court could have rejected appellant's testimony, if given, but it did not do so.

For the first time on appeal, respondent alleges that because appellant failed to plead the precise date on which he first learned of the deportation consequences of his 1991 conviction, "his motion to withdraw his plea was properly denied for failing to sufficiently demonstrate diligence." The record is to the contrary. Respondent did not allege—and the court did not find—that appellant had failed to show diligence. Indeed, the issue was not raised at the hearing, and respondent filed no opposition to the motion alleging a lack of diligence.[7]

██ We conclude that once the court accepted appellant's assertion that he would not have pled guilty had he been advised of the immigration consequences, prejudice was established and appellant had satisfied all three requirements for prevailing on a motion made pursuant to section 1016.5. (See *Totari, supra,* 28 Cal.4th at p. 884; *Zamudio, supra,* 23 Cal.4th at pp. 192, 199–200.) As the prosecution proffered no evidence, the only correct course of action at that moment was to grant the motion and vacate the conviction. We therefore reverse the order denying the motion and remand with instructions to enter a new order granting the motion and vacating the judgment.

---

[6] Corroborating evidence can consist of independent proof that the defendant was, in fact, ignorant of the immigration consequences of his plea. (See *Totari, supra,* 28 Cal.4th at p. 884.) Here, the probation officer's report of appellant's response to the warning that he could be deported—"That's O.K., I have papers"—indicates he was not, in fact, aware of the immigration consequences of his plea.

[7] In contrast, appellant alleged that "[i]t was not until he was put into deportation proceedings by the Immigration and Naturalization Service . . . that he became aware of the defects" in his 1991 criminal proceedings. While no precise date was alleged, appellant noted that his "Master Hearing at the Immigration Court was set for April 20, 2005" and that "[h]e soon thereafter sought the advisement of counsel and filed this motion."

## DISPOSITION

The order denying appellant's motion under Penal Code section 1016.5 is reversed. The matter is remanded, and the superior court is directed to vacate the order denying the motion and enter a new order granting the motion, vacating appellant's conviction, and allowing appellant to withdraw his guilty plea and enter a plea of not guilty.

Epstein, P. J., and Suzukawa, J., concurred.