Filed 7/17/14; part. pub & mod. order 8/8/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B249197 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. VA044520) |
| ABELARDO SOTO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Steven Graff Levine as Amicus Curiae for Defendant and Appellant.

Michael Stone Romano for Stanford Law School Three Strikes Project as Amicus Curiae on behalf of Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, Kimberley J. Baker-Guillemet and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

Jackie Lacey, District Attorney, Beth L. Widmark and Matthew Aaron Brown, Deputy District Attorneys, as Amicus Curiae on behalf of Plaintiff and Respondent.

Appellant Abelardo Soto filed a petition to recall his sentence pursuant to the provisions of Penal Code section 1170.126, which was enacted by Proposition 36 in 2012.[1] The gist of the reform enacted by Proposition 36 was to limit sentences of 25 years to life to those defendants who are (or were) convicted of serious or violent felonies. The trial court denied appellant's petition on the ground that he was ineligible because his current offense fell under subdivision (e)(2)(C)(iii) of section 667. The operative part of subdivision (e)(2)(C)(iii) is clause (iii) which disqualifies a defendant from resentencing if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." We affirm.

## PROCEDURAL HISTORY

Appellant was convicted on March 4, 1998 of possession of a controlled substance (count 1; Health & Saf. Code, § 11350); transportation of a controlled substance (count 2; Health Saf. Code, § 11352, subd. (a)); and possession of a firearm by a felon (count 3; former § 12021, subd. (a)). The jury found true the allegation that in the commission of count 2 appellant was personally armed with a firearm. Appellant admitted two prior robbery convictions. Appellant was sentenced on count 1 to 25 years to life, plus three years for a firearm enhancement; on count 2 to an identical term but stayed under section 654; on count 3 to a concurrent term of 25 years to life.

In the appeal from this conviction, appellant contended that count 1 had been improperly enhanced, a point that was conceded by the Attorney General. This court agreed and remanded for resentencing, noting that the trial court might decide to impose a 25 years to life sentence on count 1. The trial court did just that and struck the enhancement of count 1. The sentences on counts 2 and 3 were the same as those that had been originally imposed, i.e., the sentence on count 2 was again stayed under section 654.

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

We hold that the trial court correctly concluded that appellant was ineligible for resentencing under section 1170.126. We first address respondent's contention that the appeal should be dismissed because the order under review is not appealable.

**DISCUSSION**

1. *The order under review is appealable.*

Both parties acknowledge that the Courts of Appeal are divided on this issue and that it is currently under consideration by our Supreme Court. *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, and *People v. Wortham* (2013) 220 Cal.App.4th 1018, held an order finding the defendant ineligible for resentencing to be appealable and *People v. Leggett* (2013) 219 Cal.App.4th 846 and *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, held to the contrary.

In *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1294-1295 (*Kaulick*), this Court held that the People could appeal from an order resentencing a defendant pursuant to subdivision (f) of section 1170.126. Although *Kaulick* is distinguishable because it involved an appeal by the People from a modification of the original sentence, we noted in that decision that the order resentencing the defendant qualified as an "order made after judgment, affecting the substantial rights of the [P]eople" under subdivision (a)(5) of section 1238 and was therefore appealable.[2] (*Kaulick*, *supra*, 215 Cal.App. 4th at p. 1294.) The question is whether an order finding the defendant ineligible for resentencing is an "order made after judgment, affecting the substantial rights of the party" under subdivision (b) of section 1237.[3]

In concluding that an order that a defendant is ineligible for resentencing under section 1170.126 is not appealable, *People v. Leggett* held that defendants who are not

---

[2] "An appeal may be taken by the [P]eople from any of the following: . . . [¶] (5) An order made after judgment, affecting the substantial rights of the [P]eople." (§ 1238, subd. (a)(5).)

[3] "An appeal may be taken by the defendant: . . . [¶] (b) From any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

3

eligible for resentencing under section 1170.126 do not, by definition, have a substantial right under subdivision (b) of section 1237.  (*People v. Leggett, supra,* 219 Cal.App.4th at p. 852.)  The reasoning is that if one is ineligible, one cannot have a right to be resentenced. The flaw in this is that the merits of a contested issue should not be confused with the procedural question of appealability.  (See *People v. Totari* (2002) 28 Cal.4th 876, 884.)  Moreover, to say that a defendant *found by the court* to be ineligible was always ineligible and therefore has no right to appeal begs the question.  In addition, while the question of eligibility is straightforward in quite a few cases  (*People v. Leggett, supra,* at p. 853), the case before us shows that this is not invariably true. The better view, in our opinion, is that an order finding a defendant ineligible for resentencing is appealable.  Respondent's request to dismiss the appeal is therefore denied.

2. *The  stay of the sentence of count 2 has no effect on the conviction*

Appellant concedes that the arming allegation found true under count 2 would disqualify him under subdivision (c)(2)(C)(iii) of section 1170.12 but "because the sentence for that crime [count 2] was stayed, appellant is not 'serving' a sentence for it, and it does not therefore disqualify him from relief."

Under subdivision (e) of section 1170.126, an inmate is eligible for resentencing if these conditions are met.  They are:  "(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.  [¶]  (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.  [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of

4

subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e).)

It is undisputed that appellant satisfies the first and third conditions. The issue therefore is whether he complies with the second condition.

The phrasing of the second condition is fatal to appellant's argument. While the first condition is that the inmate "is serving an indeterminate term," the second condition makes no reference to the inmate "serving" a term. The second condition only states that the "inmate's current sentence was not imposed for any of the offenses" listed in the referenced statutes.

In interpreting a statute, words must be given the usual and ordinary meaning of the language used. (*People v. Ramirez* (2009) 45 Cal.4th 980, 987.) The ordinary meaning will be given effect if there is no ambiguity. (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 321.) When a word used in a statute has a well-established legal meaning, it will be given that meaning in construing the statute. (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 19.)

Even though the sentence on count 2 was stayed, the sentence on count 2 is still part of appellant's "current sentence." Citing *People v. Norrell* (1996) 13 Cal.4th 1, 13-14 (Arabian, J. concurring and dissenting), appellant concedes that a sentence that has been stayed under section 654 has nevertheless been *imposed*. It is also true that for purposes of Three Strikes sentencing, a stayed sentence still qualifies as a strike. (*People v.* Benson (1998) 18 Cal.4th 24, 29-30.) Thus, the stay of the sentence does not expunge the conviction. The usual and ordinary meaning, as well as the legal understanding, of the words "current sentence" necessarily includes the stayed sentence on count 2.

While the second condition could have been set forth as stating that "the inmate is serving a sentence that was not imposed" for the listed offenses, this is not what the

legislature did.[4] "While a court may consider logic and practical considerations when there is room for interpretation, where the language is so clear that no reasonable mind can differ as to the meaning of the words used, the Court has no alternative but must enforce the statute as written. To hold otherwise would be to hold that this Court may legislate, which, of course, it cannot." (*Estate of Sahlender* (1948) 89 Cal.App.2d 329, 346.)

Appellant is not eligible for resentencing. In light of our disposition, it is unnecessary to consider the further argument that appellant is also ineligible because he was convicted of being in possession of a firearm as a felon.

3. *Appellant should not be resentenced on count 1.*

Appellant also contends that even if he is ineligible for resentencing under counts 2 and 3, he is eligible under count 1 since there is no question that possession of a controlled substance qualifies him for resentencing. The question posed by this contention is whether, in a case involving convictions of multiple counts, a defendant should be resentenced on a count which, if standing alone, would qualify him for resentencing.

We reject this argument. Taken to its logical conclusion, this argument would result in two-strikes sentences for defendants who otherwise are ineligible for resentencing or, alternatively, resentencing appellant on count 1 would amount to an idle act.

Addressing the first alternative and adopting appellant's argument for purposes of illustration, appellant would be deemed ineligible for resentencing on counts 2 and 3 but he would be resentenced to a two-strikes sentence on count 1. If the only legally operative conviction and sentence is the new two-strikes sentence on count 1, this

---

[4]  It is of marginal interest that if the second condition had been phrased as in the text, appellant's argument could have won the day since it is hardly possible to serve a suspended sentence.

defendant would enjoy the benefits of Proposition 36 resentencing, even though he is not eligible for resentencing on counts 2 and 3.

The flaw in appellant's argument is that it ignores the convictions and resulting sentences on counts 2 and 3. If appellant had only committed the crime of possessing a controlled substance, there would of course be no problem and appellant would be resentenced. But he did more than possessing a controlled substance. He transported a controlled substance while personally armed with a firearm and, as a felon, he was in possession of a firearm and he was found guilty of these two offenses. One cannot pretend that these two convictions and resulting sentences simply did not happen. Appellant is not eligible for resentencing on count 2 and possibly not on count 3, either, although, as we point out below, we need not decide this issue. It is important to keep in mind that it is appellant's *conviction* of count 2 with its armed allegation that makes him ineligible for resentencing and that this conviction remains in effect.

This squares with the principle we discussed above that even though a sentence has been stayed under section 654, the sentence has nevertheless been imposed. That is, a stay of the sentence does not expunge the conviction and resulting sentence.

What if appellant is resentenced to a two-strike sentence on count 1 and is denied resentencing on counts 2 and 3 because he is not eligible under section 1170.126? In this event, resentencing on count 1 is a meaningless gesture.

As we pointed out above, appellant's "current sentence" under subdivision (e)(2) of section 1170.126 includes the stayed sentence on count 2. The conviction of count 2, which remains in effect, renders him ineligible for resentencing under section 1170.126. Thus, resentencing appellant on count 1 changes nothing.

In sum, appellant's argument that he should be resentenced on count 1 is without merit. Count 2 renders him ineligible for resentencing.

Appellant also contends that being in possession of a forearm as a felon is not the equivalent of being *armed* with a firearm and that he is therefore eligible for resentencing on count 3. We need not decide this issue since appellant is ineligible for resentencing on count 2 and therefore cannot avail himself of section 1170.126.

**DISPOSITION**

The judgment (order) is affirmed.

                                                    KLEIN, P. J.

We concur:


        KITCHING, J.


        ALDRICH, J.

Filed  8/8/14

**CERTIFIED FOR PARTIAL PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ABELARDO SOTO,<br><br>    Defendant and Appellant. | B249197<br><br>(Los Angeles County<br>Super. Ct. No. VA044520)<br><br>ORDER MODIFYING OPINION<br>AND CERTIFYING OPINION FOR<br> PARTIAL PUBLICATION<br> NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on July 17, 2014, be modified as follows:

1.  On page 4, the tenth line from the bottom, the word "these" is corrected to "three," so that the sentence reads:  Under subdivision (e) of section 1170.126, an inmate is eligible for resentencing if three conditions are met.

2.  On page 5, the sixth line from the bottom, "Benson" is italicized.

3.  On page 7, the fourth line from the bottom, the word "forearm" is corrected to read "firearm."

There is no change in the judgment.

The opinion in the above-entitled matter filed on July 17, 2014, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be partially published in the Official Reports and it is so ordered.

Pursuant to California Rules of Court, rules 8.1100 and 8.1110, the opinion is certified for partial publication.

9

The portions of the opinion certified for publication are as follows:

The first introductory paragraph on page 2 and the PROCEDURAL HISTORY with the exception of the final sentence. On pages 4, 5, 6 and 7, sections 2 and 3 of the DISCUSSION and on page 8, the DISPOSITION.