Filed 8/18/14  P. v. Amini CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>NASSIRA AMINI,<br><br>     Defendant and Appellant. | D064839<br><br><br>(Super. Ct. No. SCD164328) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Nassira Amini appeals from a trial court decision denying her motion under Penal Code[1] section 1016.5 to withdraw a guilty plea.

In June 2002, Amini pleaded guilty to welfare fraud (Welf. & Inst. Code, § 10980, subd. (c)(2)) and perjury (§ 118, subd. (a)). She was granted probation subject to restitution in the amount of $63,286. All of the custody to be imposed was stayed by the court, so that Amini served only one day in custody.

In August 2012, Amini filed a petition for writ of error *coram nobis* to vacate her 2002 judgment and conviction. Her petition was denied on August 20, 2012.

In August 2013, Amini filed a motion to vacate her plea pursuant to section 1016.5[2] contending she was not properly advised of the immigration consequences of her

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Section 1016.5 provides: "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. [¶] (b) Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section. If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement. [¶] (c) With respect to pleas accepted prior to January 1, 1978, it is not the intent of the Legislature that a court's failure to provide the advisement required by subdivision (a) of Section 1016.5 should

2

plea as required by statute because she did not have an interpreter and did not understand the advisement. The trial court conducted an evidentiary hearing, received briefing and then denied Amini's motion.

Amini filed a timely notice of appeal and obtained a certificate of probable cause (§ 1237.5).

## DISCUSSION

Amini contends the trial court abused its discretion in denying her motion to vacate the 2002 guilty plea. She argues that she was not properly provided with an interpreter, she did not waive her right to an interpreter and, in any event, she did not understand the court's advisement.

The People have responded that the motion filed in 2013 from the 2002 conviction is untimely, that we should apply principles of res judicata to this motion since it follows

require the vacation of judgment and withdrawal of the plea or constitute grounds for finding a prior conviction invalid. Nothing in this section, however, shall be deemed to inhibit a court, in the sound exercise of its discretion, from vacating a judgment and permitting a defendant to withdraw a plea. [¶] (d) The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. It is also the intent of the Legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of the possibility of deportation, exclusion from admission to the United States, or denial of naturalization as a result of conviction. It is further the intent of the Legislature that at the time of the plea no defendant shall be required to disclose his or her legal status to the court."

3

a previous effort to vacate the same plea, and that the trial court acted within its discretion in denying the motion. We are satisfied that the motion is untimely and that the trial court acted well within its discretionary authority in denying the motion. We find it unnecessary to resolve the argument that the motion under section 1016.5 should be barred because of the earlier petition for *coram nobis* as we will affirm the trial court's decision based on its exercise of discretion.

## A. Background

Amini immigrated to the United States in 1989. At the time of the 2002 plea, she was a legal, permanent resident. Sometime after the 2002 conviction, which qualified as an "aggravated felony" under federal immigration law, Amini became subject to deportation proceedings. Although the record is unclear as to when Amini became aware of her deportation problems, we know it must be no later than 2009, because she attached immigration court documents to her motion, which reflect proceedings in that court in 2009.

Amini's legal problems with California began before the events in this case. In 2001, Amini and other family members pleaded guilty to conspiracy to commit burglary. At that time she was advised of the immigration consequences of her plea in accordance with section 1016.5. Amini was granted probation.

In 2002, Amini, along with other family members, pleaded guilty to the welfare fraud and perjury charges in this case. As was the case in 2001, Amini signed and initialed a change of plea form that included the paragraph: "I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation,

4

exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then I **will** be deported, excluded from admission to the U.S. and denied naturalization." (Emphasis in original.) The parties agree that a crime involving fraud, resulting in a loss in excess of $10,000, was described on the form as an aggravated felony for deportation purposes. Additionally, at both the 2001 and 2002 guilty pleas the trial court advised her orally of deportation consequences consistent with section 1016.5.

Regarding the use of an interpreter at the 2002 guilty plea, the following colloquy took place between the court and Amini:

> "THE COURT: Ma'am. I understand that English is not your native language. Is that correct?
>
> "MS. AMINI: Yes
>
> "THE COURT: Do you have any problem understanding English if we conduct this hearing in English?
>
> "MS. AMINI: A little bit.
>
> "THE COURT: You have a little bit of a problem?
>
> "MS. AMINI: (Nods head)
>
> "THE COURT: Do you want to have an interpreter help you?
>
> "MS. AMINI: Maybe my husband.
>
> MR. AMINI: Yes.
>
> "THE COURT: Yes, you need an interpreter, or no, you don't need an interpreter?
>
> "MS. AMINI: No.

5

"THE COURT: You do not need an interpreter?

"MS. AMINI: No."

Amini now contends she did not understand the form, or the advisements. She did not understand what the judge said to her about an interpreter and did not recall whether she used an interpreter at other times in proceedings related to either the 2001 or 2002 cases. As we have noted above, following briefing and an evidentiary hearing the trial court rejected Amini's contentions, found she did understand the proceedings and that she was properly advised of the deportation consequences of her plea.

## B. Legal Principles

In order for a defendant to prevail in a motion to vacate a plea under section 1016.5, the person must establish that he or she was not properly advised of the immigration consequences as provided by the statute; there exists at the time of the motion more than a remote possibility that the conviction will have one or more specific adverse immigration consequences; and that he or she was prejudiced by the nonadvisement. (*People v. Totari* (2002) 28 Cal.4th 876, 884; *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.) A defendant must also show that he or she proceeded with reasonable diligence after learning of the possible adverse immigration consequences. (*Id.* at pp. 203-204.)

When we review a trial court's decision granting or denying a motion to vacate a plea under section 1016.5, we apply the abuse of discretion standard. Under that standard the burden is on the appellant to demonstrate the trial court's decision is so unreasonable

6

that it is an abuse of the court's discretion. (*People v. Totari* (2003) 111 Cal.App.4th 1202, 1208; *People v. Castro-Vasquez* (2007) 148 Cal.App.4th 1240, 1244.)

C. Analysis

We first address the issue of timeliness. On this record, the trial court could certainly have considered this motion untimely. We know from the record that Amini was well aware of her immigration issues at least by 2009, and likely before that. She did nothing to address this plea until 2012, when she filed her petition for writ of error *coram nobis*. Even after that petition was denied she waited a year before filing the current motion. Such delays cannot be reasonably considered to be diligence in pursuing her remedies. However, even if we deemed this motion to be "timely," we still find no abuse of discretion.

It is without doubt that Amini was fully informed of the immigration consequences in both of her criminal proceedings in 2001 and 2002. She was advised both orally and in writing. Thus, the only issue remaining is whether the record supports the trial court's conclusion that she understood the proceedings and consciously gave up the opportunity for the help of an interpreter in 2002.

We turn then to the question of whether the record demonstrates that Amini understood the advisements given to her at the time of her 2002 plea. Clearly Amini has shown English is not her native language. In her two criminal cases she used an interpreter on some occasions and sometimes she did not use one. Her briefs on appeal simply assert, as a fact, that she did not understand the proceedings, either the admonitions or the questions about the use of an interpreter. She testified in the motion

7

hearing that she essentially did not understand anything in the proceedings. She variously stated she did not understand, or that she did not recall what happened. If she had been believed, her lack of understanding and language skills would support her motions. It is clear the trial court did not believe Amini's current version of the events.

As the trial court pointed out, by 2002, Amini had already experienced the criminal justice system, and had the same attorney as she had in the 2001 case. The transcript of the 2002 change of plea shows her answers were responsive to the court's questions. The questions were in English and she responded appropriately in English. The trial court at the time of the plea questioned her about her need of interpreter assistance. The court observed her in her responses and concluded she understood English sufficiently to allow her to understand the proceedings. Her current explanation is that she only recited answers she was told to say when her attorney nodded. Although Amini has supplied a declaration from her former attorney, he does not corroborate her explanation. Plainly, the judge hearing the testimony on her motion was not required to believe her, and it is evident he did not.

In sum, the trial court could reasonably find that Amini was fully informed of the immigration consequences, that she understood sufficient English to allow her to understand the proceedings and the advisements, and that her testimony at the motion hearing was not credible. Given that it appears the court made such findings, denial of the motion to vacate the plea was not an abuse of discretion.

8

DISPOSITION

The denial of Amini's motion to vacate her 2002 guilty plea pursuant to section 1016.5 is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.