Filed 3/24/16  P. v. Acosta CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN ACOSTA,<br><br>    Defendant and Appellant. | B267832<br><br>(Los Angeles County<br>Super. Ct. No. LA034065) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Leland B. Harris, Judge.  Affirmed.

Law Offices of Sheny Gutierrez, Sheny Gutierrez and Ruben D. Frias, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Corey J. Robins, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Juan Acosta (defendant) entered two pleas in 1999. In 2014, he sought to vacate those pleas due to the lack of a proper advisement regarding the possible immigration consequences of those pleas. Defendant argues that the trial court abused its discretion in denying his motion to vacate. We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 1999, the People charged defendant with (1) using false documents to conceal his citizenship or resident alien status (Pen. Code, § 114),[1] and (2) perjury (§ 118). On September 20, 1999, defendant entered pleas to both counts. On January 15, 2014, defendant appeared in court, admitted he had violated his probation for the 1999 case, and was sentenced to 120 days in county jail. Defendant then suffered unspecified "immigration consequences" from his 1999 convictions.

Defendant thereafter filed a motion to vacate his 1999 convictions pursuant to section 1016.5. Along with his motion, defendant filed a declaration stating he was not advised of the potential immigration consequences of entering his pleas and, if he had been so advised, he would not have entered those pleas. Defendant had signed a written plea advisement form, but neither that form nor a reporter's transcript from the plea colloquy still exists.

At the hearing on defendant's motion to vacate, the trial court noted that "page 2 of the minute order . . . shows the advisement, September 20, 1999." Defendant responded that "the minute order . . . isn't sufficient to show advisement," but did not otherwise dispute the trial court's representation of the minute order's contents. The trial court denied the motion to vacate.

Defendant timely filed a notice of appeal, which we deem to be an appeal of the denial of the motion to vacate.

---

[1]  Unless otherwise indicated, all further statutory references are to the Penal Code.

2

**DISCUSSION**

Defendant argues that the trial court erred in denying his motion to vacate. We review such denials for an abuse of discretion. (*People v. Castro-Vasquez* (2007) 148 Cal.App.4th 1240, 1244 (*Castro-Vasquez*).)

Section 1016.5 requires that a trial court, before accepting a plea to a criminal charge, advise a defendant that his or her plea "may" lead to three possible adverse immigration consequences—namely, deportation (which is now called "removal"), exclusion from admission, or denial of naturalization. (§ 1016.5, subd. (a).) A trial court's failure to do so entitles the defendant to vacate any conviction resting on that defective plea. (§ 1016.5, subd. (b).) To prevail on a statutory motion to vacate under section 1016.5, subdivision (b), the defendant "must establish (1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given." (*People v. Arriaga* (2014) 58 Cal.4th 950, 957-958 (*Arriaga*); *People v. Totari* (2002) 28 Cal.4th 876, 881.)

With respect to the first element, section 1016.5, subdivision (b) erects a presumption that the People may rebut by a preponderance of the evidence: "Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (§ 1016.5, subd. (b); *Arriaga*, *supra*, 58 Cal.4th at p. 963 [noting that presumption is rebuttable by a preponderance of the evidence; clear and convincing evidence not required]; *People v. Dubon* (2001) 90 Cal.App.4th 944, 952-953 (*Dubon*) [same].)

Defendant argues that the minute order the trial court cited does not constitute a "record" of his 1999 pleas, that the statutory presumption consequently applies, and that the People have not rebutted that presumption. We disagree.

"A minute order may under proper circumstances qualify as a 'record'" for purposes of assessing the applicability of section 1016.5, subdivision (b)'s presumption. (*Dubon*, *supra*, 90 Cal.App.4th at p. 955.) Whether it *does* qualify turns on what it says: A minute order reflecting no immigration advisement (*People v. Martinez* (2013) 57

3

Cal.4th 555, 560) or that "defendant [was] advised of possible effects of plea on any alien/citizenship/probation/parole status" does not suffice (*Castro-Vasquez*, *supra*, 148 Cal.App.4th at pp. 1244-1245; *Dubon*, at pp. 949, 955), while a minute order that reflects all three necessary advisements is sufficient (*People v. Aguilar* (2014) 227 Cal.App.4th 60, 71) and one that reflects "Defendant advised of provisions of PC 1016.5" may be (*People v. Akhile* (2008) 167 Cal.App.4th 558, 564, fn. 4).

Here, the trial court indicated that "page 2 of the minute order . . . shows the advisement." Defendant disputes that the court's statement is enough to establish that the minute order advised him on all three of section 1016.5's possible immigration consequences, but defendant did not contemporaneously disagree with the court's characterization of a complete advisement and he does not include that minute order in the record on appeal. Because it is the appellant who bears the burden of supplying a record adequate to demonstrate error (*People v. Whalen* (2013) 56 Cal.4th 1, 85), defendant's "failure to present such a record mandates that the claimed error be resolved against" him (*Bui v. Nguyen* (2014) 230 Cal.App.4th 1357, 1376). Defendant responds that (1) the court denied him the opportunity to disagree, and (2) an uncertified minute order must in any event be ignored. However, the transcript does not support his first assertion, and we have found no law to support his second.

Thus, on the appellate record we have before us now, the September 1999 minute order, as summarized by the trial court, is either a "record" of the required immigration advisements that obviates the application of the statutory presumption in the first place, or evidence that sufficiently rebuts the presumption. Either way, defendant has not sustained his burden of showing that the trial court abused its discretion in finding that he was properly advised of the immigration consequences of his conviction.[2]

---

[2]     We accordingly have no occasion to decide whether defendant's showing of prejudice or timeliness was adequate.

4

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN

_____, J.
ASHMANN-GERST