Filed 5/28/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B246330 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA085141) |
| v. | |
| RAUL ARIZA HURTADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael A. Cowell, Judge.  Affirmed.

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, and Cheryl Lutz for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Raul Ariza Hurtado appeals from an order denying his petition for recall of his sentence pursuant to Penal Code section 1170.126, added by Proposition 36, the Three Strikes Reform Act of 2012. Although defendant is ineligible for resentencing because his commitment offense is a serious felony, we asked the parties to brief the proper mechanism for review of such a denial in this court. The parties agree that a denial of a petition to recall a sentence pursuant to Penal Code section 1170.126 is appealable as a postjudgment order affecting the substantial rights of the party. We also agree and affirm the denial of the petition because defendant is ineligible for resentencing.

## BACKGROUND

In 2005, defendant was convicted of first degree burglary, with true findings on allegations that he had suffered two prior serious felony convictions (also first degree burglaries) within the scope of the "Three Strikes" law and Penal Code section 667, subdivision (a). (Undesignated statutory references are to the Penal Code.) The trial court sentenced him to a third strike term of 25 years to life, plus 10 years for the two section 667, subdivision (a) enhancements.

On November 20, 2012, defendant filed a petition for recall of sentence pursuant to section 1170.126, alleging erroneously that his commitment offense, a first degree burglary, was not a serious or violent felony. (§ 1192.7, subd. (c)(18).) The trial court denied the petition the same day, explaining, "According to Proposition 36, conviction of Penal Code section 459 does not qualify for exemption."

Defendant filed a timely appeal, and we appointed counsel to represent him. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.

2

**DISCUSSION**

## 1.     Appealability

Proposition 36, also known as the Three Strikes Reform Act of 2012, was approved by the voters on November 6, 2012, and went into effect the next day.  It amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where the "third strike" offense is a serious or violent felony or the prosecution pleads and proves an enumerated factor.  (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)

Proposition 36 also created section 1170.126, which provides a procedure for resentencing "persons presently serving an indeterminate term of imprisonment" under the Three Strikes law "whose sentence under this act would not have been an indeterminate life sentence."  (§ 1170.126, subd. (a).)  Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender.  (§ 1170.126, subd. (b).)  An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies and none of enumerated factors disqualifying a defendant for resentencing under Proposition 36 apply.  (§ 1170.126, subd. (e).)  Resentencing of eligible inmates may nonetheless be refused if the trial court, "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)  Subdivision (g) of section 1170.126 sets forth several factors that a trial court may consider in exercising that discretion.  The statute does not address review of a trial court's denial of a petition filed pursuant to section 1170.126.

We asked the parties to address in their briefs "whether the purported appeal, initiated by a notice of appeal, should be deemed to [be] a petition for a writ of mandate or a petition for a writ of habeas corpus or whether it should maintain its status as an appeal."

Citing section 1237, subdivision (b) and *People v. Totari* (2002) 28 Cal.4th 876 (*Totari*), the parties agree that a trial court's order denying a section 1170.126 petition to recall a sentence is appealable. We also agree.

Section 1237, subdivision (b) provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." In *Totari*, *supra*, 28 Cal.4th 876, the California Supreme Court concluded that a trial court's denial of a motion to vacate a judgment based upon a guilty or nolo contendere plea for failure to advise a defendant of the potential adverse immigration consequences resulting from his or her conviction was appealable. (*Id.* at p. 880.) Section 1016.5, which requires the advisement and provides for a motion to vacate where the advisement was not given, did not expressly authorize an appeal from the denial of such a motion to vacate, but the court concluded that an appeal was permissible pursuant to section 1237, subdivision (b). (*Totari*, *supra*, 28 Cal.4th at p. 887.) The court explained, "[T]he Legislature has established specific requirements for a motion to vacate under section 1016.5. Once the Legislature has determined that a noncitizen defendant has a substantial right to be given complete advisements and affords defendant a means to obtain relief by way of a *statutory* postjudgment motion to vacate, the 'no second appeal' rule loses its urgency and a denial order qualifies as an 'order made after judgment, affecting the substantial rights of the party' (§ 1237, subd. (b))." (*Totari*, *supra*, 28 Cal.4th at pp. 886–887.)

Similarly, in enacting section 1170.126, the electorate provided a statutory procedure for inmates serving indeterminate life sentences imposed under the Three Strikes law before its amendment by Proposition 36 to obtain resentencing in accordance with the terms of the amended law. This conferred a substantial right upon such inmates to have a trial court consider whether they should be resentenced. Thus, a trial court's denial of a section 1170.126 petition to recall is an "order made after judgment, affecting the substantial rights of the party" and is appealable pursuant to section 1237, subdivision (b). Because such an appeal will properly pertain only to the denial of the petition to recall, it will not constitute a second appeal from the judgment.

4

Inasmuch as we conclude that the ruling in issue is appealable, we need not resolve whether a trial court's denial of a section 1170.126 petition to recall could properly be challenged by a petition for a writ of habeas corpus or writ of mandate.

**2.     Defendant's disqualifying conviction**

Defendant's commitment offense was first degree burglary, which constitutes a serious felony.  (§ 1192.7, subd. (c)(18).)  He was thus ineligible for resentencing under section 1170.126, subdivisions (b) and (e).  Accordingly, the trial court properly denied his petition to recall his sentence.

**DISPOSITION**

The order is affirmed.

CERTIFIED FOR PUBLICATION.


                                                            MALLANO, P. J.

We concur:


        ROTHSCHILD, J.


        JOHNSON, J.