Filed 6/28/13  P. v. Miller CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B247059 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA014304) |
| v. | |
| JUSTIN THOMAS MILLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles A. Chung, Judge.  Dismissed.

Justin Thomas Miller, in pro. per.; California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1997 a jury convicted Justin Thomas Miller of assault with a firearm, discharging a firearm from a motor vehicle, and possession of a firearm by a convicted felon. The jury further found that he used a firearm in the commission of the first two offenses and committed all three offenses in association with a criminal street gang. The trial court sentenced him to 18 years in prison. We affirmed his conviction on appeal, but agreed that the firearm use enhancement had been improperly imposed on his conviction for discharging a firearm from a motor vehicle and remanded for resentencing. (*People v. Miller* (May 20, 1999, B118884) [nonpub. opn.].) Upon remand, the trial court sentenced defendant to 17 years in prison. Defendant again appealed, and we affirmed. (*People v. Miller* (Aug. 29, 2000, B139535) [nonpub. opn.].)

On October 23, 2012, defendant filed a nonstatutory motion to vacate the judgment, claiming the prosecution failed to disclose material exculpatory evidence, namely, three sections of the police report regarding pretrial identification procedures. His motion argued he had just obtained copies of these sections on October 8, 2012, from the California Innocence Project. Attached to his motion were letters from the Innocence Project and the California Innocence Project, stating they were unable to assist defendant, and a 1998 letter from appellate counsel explaining that he did not have a copy of the police report to provide to defendant because it was not introduced at trial. Also attached to the motion were various pages that appear to be taken from a police report. On the page attached to the motion as "Exhibit C," the writer related an inability of the named crime victim to identify anyone from "four mug showups" and the refusal of another person to identify anyone due to fear of gang retaliation. On the second of two pages attached as "Exhibit D," a Deputy Kroeger recounted positive identifications of defendant at a field show-up by two witnesses whose names were redacted. Defendant also argued in his motion that "unknown" written in the field for one suspect's surname on one of the pages attached as "Exhibit E" indicated that the victim and witnesses could not describe the "actual shooter."

2

On January 3, 2013, the trial court denied defendant's motion, stating, "Although the defendant makes a conclusory claim that exonerating evidence was withheld, he fails to establish a prima facie case for relief."

Defendant appealed and we appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Defendant submitted a supplemental brief essentially reiterating the key points of his motion.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

Defendant's nonstatutory motion to vacate is legally equivalent to a petition for writ of error *coram nobis*. (*People v. Kim* (2009) 45 Cal.4th 1078, 1096 (*Kim*).) "In an appeal from a trial court's denial of an application for the writ of error *coram nobis*, a reviewing court initially determines whether defendant has made a prima facie showing of merit; if not, the court may summarily dismiss the appeal." (*People v. Totari* (2002) 28 Cal.4th 876, 885, fn. 4.)

Defendant did not make a prima facie showing of merit. Only errors of fact, not errors of law, are a proper subject of a *coram nobis* petition. (*Kim*, *supra*, 45 Cal.4th at p. 1093.) Defendant's claim raises a legal issue, that is, a violation of his due process right to production of material exculpatory evidence. In addition, a writ of error *coram nobis* is unavailable when the petitioner has or had another legal remedy, such as a petition for a writ of habeas corpus. (*Kim*, at pp. 1093, 1099.) Accordingly, the trial court's denial of his motion to vacate was not appealable, and we dismiss the instant appeal.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED.

MALLANO, P. J.

We concur:

CHANEY, J.

JOHNSON, J.

4