Filed 4/25/14  P. v. Melchionne CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049233 |
| v. | (Super. Ct. No. 96SF0967) |
| MARIO ANTHONY MELCHIONNE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Mario Anthony Mechionne in 1997 of receiving stolen property, possessing a firearm while a felon, and possessing a controlled substance. The trial court sentenced defendant to an indeterminate 76 years to life in state prison. We affirmed the judgment in an unpublished opinion (*People v. Melchionne* (Dec. 30, 1999, G022815) [nonpub. opn.]). Subsequently in 2005, defendant pleaded guilty to first degree murder and was sentenced to an indeterminate 75 years to life, to run consecutive to the sentence imposed in the present case.

In November 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act. Among other things, Proposition 36 permits persons currently serving an indeterminate life term under the "Three Strikes" law to petition to be resentenced to a determinate term as a second striker if the court determines, in its discretion, that the defendant meets the criteria of Penal Code section 1170.126, subdivision (e) (all further statutory references are to this code). As relevant here, defendants are eligible for resentencing if their "current sentence was *not* imposed for" certain crimes including a violent or serious felony as defined under sections 667.5, subdivision (c) or 1192.7, subdivision (c). (§ 1170.126, subd. (e)(2), italics added.) Murder is both a violent and serious felony under sections 667.5, subdivision (c)(1) and 1192.7, subdivision (c)(1).

Defendant petitioned to be resentenced under section 1170.126, contending his convictions in this case were not classified as violent or serious felonies. The court denied his petition on the ground defendant's murder conviction made him ineligible for resentencing because the murder sentence had been "imposed." In doing so, the court rejected defendant's argument that the sentence on the murder did not qualify as a current sentence because he had not begun serving it.

Defendant timely appealed, and we appointed counsel to represent him. Counsel filed a brief summarizing the facts of the case and, while not arguing against defendant, advised this court he could find no issues to argue on defendant's behalf.

2

(*Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed2d 493]; *People v. Wende* (1979) 25 Cal.3d 436.)

The opening brief suggests we consider whether the order denying his section 1170.126 petition was an appealable order and whether the court erred in denying the petition. The appealability issue is pending in the California Supreme Court. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.) Rather than delay resolution of this case, we will weigh in on the issue.

Section 1237, subdivision (b) allows a defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." The ability to receive a reduced sentence under section 1170.126 affects the substantial rights of a defendant and is thus appealable. This does not create an opportunity for a "second appeal" because the issue could not have been raised in an appeal from the judgment.

A statute need not expressly provide that an order be appealable. *People v. Totari* (2002) 28 Cal.4th 876 held that the denial of a motion to vacate a judgment for failure to advise the defendant of possible adverse immigration consequences was appealable. The court noted this was so even though the statute, section 1016.5, requiring such advisement did not expressly provide for an appeal: "Because the grounds supporting a nonstatutory motion are not specifically defined, the 'no second appeal' rule [citation] serves as a procedural device to discourage defendants from raising any postjudgment claim that could have been raised before imposition of judgment or by way of direct appeal from the original judgment. [Citation] On the other hand, the Legislature has established specific requirements for a motion to vacate under section 1016.5. Once the Legislature has determined that a noncitizen defendant has a substantial right to be given complete advisements and affords defendant a means to obtain relief by way of a statutory postjudgment motion to vacate, the 'no second appeal' rule loses its urgency and a denial order qualifies as an 'order made after judgment, affecting the substantial rights of the party' [citation]." (*Id*. at pp. 886-887.)

3

Section 1170.126 is a procedure entitling incarcerated defendants to potentially obtain a reduced sentence. The ability to have the trial court consider whether a defendant qualifies for a lower sentence confers a substantial right on certain inmates. We thus conclude the order is appealable under section 1237, subdivision (b).

Nevertheless, the trial court did not err in denying the petition under section 1170.126, subdivision (e)(2) because defendant's "current sentence was . . . imposed for" a violent and serious felony as defined in sections 667.5, subdivision (c) and 1192, subdivision (c), i.e., murder (§§ 667.5, subd. (c)(1) & 1192, subd. (c)(1). Nothing in that subdivision requires a defendant to have begun serving the term. Rather, it only requires the current sentence to have been "imposed," which it was.

We notified defendant that he could file written argument on his own behalf, but the period to do so has passed and we have received no communication from him. We have reviewed the record and found no other arguable issue.

The judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

IKOLA, J.

4