Filed 4/17/14  P. v. Benedict CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048662 |
| v. | (Super. Ct. No. 95NF1353) |
| MICHAEL DAVID BENEDICT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Eric Weaver, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

Defendant Michael David Benedict appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.126. His major contention is that the court erred in not giving him a jury trial to determine whether he was eligible for resentencing under that statute. The Attorney General argues the order is not appealable; even if appealable, the court properly denied the petition because defendant is not eligible under the statute.

The appealability issue is pending in the California Supreme Court. (*Teal v. Superior Court* (*People*) review granted July 31, 2013, S211708.) While it is our view that the order is subject to appeal, we agree with the Attorney General the court properly denied the petition.

DISCUSSION

*1. Background*

Almost 10 years ago, a jury convicted defendant of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and of being a felon in possession of a firearm (Pen. Code, former § 12021, subd. (a), now Pen. Code, § 29800, subd. (a)(1); all further statutory references are to this code). The court found he had two prior serious felony convictions and imposed an indeterminate 25-years-to-life term pursuant to the "Three Strikes" law (§§ 667, subs. (b)-(i), 1170.12.) He appealed, contending his sentence constituted cruel and unusual punishment in violation of state and federal Constitutions and challenged the constitutionality of a jury instruction. We concluded neither contention had merit and affirmed the judgment. Defendant now returns to this court after the trial court denied his petition for resentencing under section 1170.126.

*2. Appealability of the Order Denying the Petition for Resentencing*

As noted and as both parties recognize, the appealability of the order is pending in our Supreme Court. Rather than delay resolution of this case, we will weigh in on the issue.

Section 1237, subdivision (b) allows a defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Whether or not a defendant receives a reduced sentence under section 1170.126 affects the substantial rights of that party and is thus appealable. Also, because the issue could not have been raised in an appeal from the judgment, this does not create an opportunity for a "second appeal."

There is no requirement the statute expressly provide for the order to be appealable. This is illustrated by *People v. Totari* (2002) 28 Cal.4th 876, where the court held that the denial of a motion to vacate a judgment for failure to advise the defendant of possible adverse immigration consequences was appealable. The court noted this was so even though the statute, section 1016.5, requiring such advisement did not expressly provide for an appeal. The court stated, "Because the grounds supporting a nonstatutory motion are not specifically defined, the 'no second appeal' rule [citation] serves as a procedural device to discourage defendants from raising *any* postjudgment claim that could have been raised before imposition of judgment or by way of direct appeal from the original judgment. [Citation] On the other hand, the Legislature has established specific requirements for a motion to vacate under section 1016.5. Once the Legislature has determined that a noncitizen defendant has a substantial right to be given complete advisements and affords defendant a means to obtain relief by way of a *statutory* postjudgment motion to vacate, the 'no second appeal' rule loses its urgency and a denial order qualifies as an 'order made after judgment, affecting the substantial rights of the party' [citation]." (*Id.* at pp. 886-887.)

3

Section 1170.126 is a procedure entitling incarcerated defendants to potentially obtain a reduced sentence. The right to have the trial court consider whether defendants qualify for such a lower sentence confers a substantial right on the specified defendants. Thus, we conclude the order is appealable under section 1237, subdivision (b).

*3. Trial Court's Denial of the Petition for a Reduced Sentence*

Section 1170.126, subdivision (e) provides "[a]n inmate is eligible for resentencing if: (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

Section 667, subdivision (e)(2)(C)(iii) applies where, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." Section 1170.12, subdivision (c)(2)(C)(iii) contains identical language. Therefore, a defendant sentenced under the Three Strikes law who was armed with a firearm during the commission of the crime, is ineligible for resentencing under section 1170.126, subdivisions (e)(1) and (2).

We noted at the outset that the jury convicted defendant of being a felon in possession of a firearm (Pen. Code, former § 12021, subd. (a). When sentencing defendant, the court struck that count "in the interest of justice." Thus, to return to the language of section 1170.126, subdivision (e)(1) and (2), it cannot be said defendant was

4

"serving" a sentence or that his current sentence was "imposed" for being armed with a gun. Defendant argued this proposition in the trial court, and recited it in his opening brief. But he does not argue the point here. Therefore, we consider it abandoned. (*People v. Stanley* (1995) 10 Cal.4th, 764, 793.)

The trial court relied on the preliminary hearing transcript to determine defendant was armed at the time he committed the crime for which he was sentenced and concluded "it's as clear as day that [defendant] was armed with a firearm" and stated defendant was ineligible for resentencing.

Defendant argues here that he was entitled to a jury trial to determine whether he was armed with a gun. He based this argument on *Alleyne v. United States* (2013) __ U.S. __ [133 S.Ct. 2151, 186 L.Ed.2d 314] and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 437]. In *Apprendi*, the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 490.) And in *Alleyne v. United States*, the same court declared that a fact which increases the mandatory minimum sentence must likewise be submitted to a jury, and proved beyond a reasonable doubt. (*Alleyne v. United States, supra,* __ U.S. at p. __ [133 S.Ct. at p. 2155, 186 L.Ed.2d at p. 321].) Defendant's reliance on these cases is based upon a contention that "because the finding that appellant was armed with or used a firearm during the felon in possession of a firearm offense increased the mandatory minimum term of the resentencing provision from a two-strikes sentence to a three strikes sentence."

Defendant also relies on a statement in *Cunningham v. California* (2007) 549 U.S. 270 [127 S.Ct. 856, 166 L.Ed.2d 856], that "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury" (*id*. at p. 281). The failure of the applicability of these cases here lies in the difference between a proceeding which would *increase* a sentence and one which would *decrease*

the sentence.  As the trial court pointed out, "[*Apprendi*] really deals with aggravating a sentence.  [Defendant has] already been sentenced.  That's already been done.  We are here to figure out whether I should lower the sentence, whether to make him eligible, number one, and, two, to a judge consider if he should have his sentence reduced."

Although apparently the *Apprendi* argument was not made there, the recent case of *People v. White* (2014) 223 Cal.App.4th 512, also deemed it appropriate for the court to look beyond the crime for which defendant had been sentenced to determine whether the "armed-with-a-firearm" exception to resentencing applied.  (*Id*. at p. 523.) There, the defendant had been convicted and sentenced as a felon in possession of a firearm.  The court recognized that "possession of a firearm does not necessarily require that the possessor be armed with it" (*id.* at p. 524), but affirmed the denial of resentencing because "the record of conviction establishes that the applicable resentencing eligibility criterion set forth in section 1170.126 [subdivision] (e)(2) is not satisfied, and, thus, [the defendant] is ineligible for resentencing relief."  (*Id*. at p. 524.)

DISPOSITION

The postjudgment order denying resentencing is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

FYBEL, J.

THOMPSON, J.

6