Filed 5/15/14  P. v. Clavel CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARVIN RODRIGUEZ CLAVEL,<br><br>    Defendant and Appellant. | B250766<br><br>(Los Angeles County<br>Super. Ct. Nos. BA329860 & B314716) |

THE COURT:[*]

In 2007, appellant Marvin Rodriguez Clavel pleaded no contest to one count of robbery.  The trial court placed appellant on three years of formal felony probation.  In 2008, appellant pleaded no contest to burglary and petty theft and admitted a probation violation in the robbery case.  In 2010, appellant filed motions to vacate his plea in both cases.  The motions were denied.  Appellant filed a petition for writ of error *coram nobis.*  Appellant alleged that his plea of nolo contendere did not have the legal effect of a guilty

---

[*]    ASHMANN-GERST, Acting P. J., CHAVEZ, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

plea. Appellant also claimed he received ineffective assistance of counsel. The trial court denied appellant's petition, and this appeal followed.

## PROCEDURAL BACKGROUND

By information dated May 4, 2007, in Los Angeles County Superior Court case No. BA314716, appellant was charged with carjacking (Pen. Code, § 215, subd. (a))[1] and robbery (§ 211). On May 30, 2007, appellant pleaded no contest to the robbery and was placed on three years' formal felony probation.

By information dated November 13, 2007, in Los Angeles County Superior Court case No. BA329860, appellant was charged with petty theft with a prior (§ 666) and burglary (§ 459). The People moved to revoke appellant's probation in case No. BA314716. On March 12, 2008, appellant pleaded no contest to both burglary and petty theft in case No. BA329860, and admitted his probation violation in case No. BA314716. The trial court sentenced appellant to three years in state prison and a concurrent two-year sentence for the probation violation.

On July 12, 2010, appellant filed a motion to vacate his plea in case No. BA329860. The trial court denied the motion.

On October 4, 2010, appellant filed a motion to vacate his plea in case No. BA314716. The trial court denied the motion.

On November 19, 2012, appellant filed a petition for dismissal of his conviction in case No. BA314716, pursuant to section 1203.4a. On December 18, 2012, appellant's petition was denied.

On March 20, 2013, appellant requested an explanation for the court's denial of his petition for dismissal. On March 26, 2013, the trial court stated on the record that appellant had not successfully completed probation and was not eligible for dismissal under section 1203.4a.

---

[1] All further references to statutes are to the Penal Code, unless stated otherwise.

On June 14, 2013, appellant filed a petition for writ of error *coram nobis* seeking to dismiss his conviction in case No. BA314716, and his subsequent probation violation deriving from his conviction in case No. BA329860.

On July 31, 2013, the trial court denied the petition. In a written decision, the court stated that appellant had been properly advised of the legal effect and consequences of a no contest plea. Appellant was asked if he understood and he answered in the affirmative. Appellant was convicted by his plea, and placed on probation. Appellant then "violated his probation by being arrested and convicted for more crimes." Citing *People v. Kim* (2009) 45 Cal.4th 1078, 1095 (*Kim*), the court stated that an ineffective assistance of counsel claim is not cognizable on *coram nobis*.

## DISCUSSION

Counsel was appointed to represent appellant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On December 13, 2013, appellant was advised that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. No response was received.

The writ of error *coram nobis* is the modern equivalent of a nonstatutory motion to vacate a conviction. Its role "'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court' [citation]." (*Kim, supra,* 45 Cal.4th at p. 1091.)

The substantive requirements for obtaining the writ under modern law are set forth in *People v. Shipman* (1965) 62 Cal.2d 226. The writ is available only when three requirements are met: (1) The petitioner must show the existence of some fact which, without fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment. (2) The petitioner must show that the newly discovered fact does not go to the merits of

3

issues previously tried (which cannot be reopened).  (3) The petitioner '"must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . .'  [Citations.]"  (*People v. Shipman*, *supra*, at p. 230; *Kim, supra,* 45 Cal.4th at p. 1093.)

"In an appeal from a trial court's denial of an application for the writ of error *coram nobis*, a reviewing court initially determines whether defendant has made a prima facie showing of merit; if not, the court may summarily dismiss the appeal."  (*People v. Totari* (2002) 28 Cal.4th 876, 885, fn. 4.)

Appellant did not make a prima facie showing of merit.  Only errors of fact, not errors of law, are a proper subject of a *coram nobis* petition.  (*Kim, supra,* 45 Cal.4th at p. 1093.)  In addition, a writ of error *coram nobis* is unavailable for a claim of ineffective assistance of counsel.  Accordingly, the trial court's denial of appellant's motion was not appealable, and we dismiss the instant appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

4