Filed 7/29/14  P. v. Martinez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDUARDO MARTINEZ,<br><br>    Defendant and Appellant. | D065335<br><br><br><br>(Super. Ct. No. SCD139920) |


APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Eduardo Martinez appeals from an order of the superior court in which the court denied his petition for resentencing under the Three Strikes Reform Act of 2012,

specifically Penal Code[1] section 1170.126. The trial court found that Martinez was ineligible for resentencing because he had previously suffered a conviction punishable by life imprisonment or death. (§ 1170.126, subd. (e)(3).)

Martinez contends he was denied due process because the court did not apply the standard of proof beyond a reasonable doubt in finding the truth of the factor which rendered him ineligible for resentencing. He also contends his 1976 robbery conviction, which included the infliction of great bodily injury and the use of a firearm to shoot and injure the victim, does not qualify as an offense punishable under present law by life imprisonment.

The People respond both by disagreeing with Martinez's contentions but also contend the case must be dismissed because the order in question is not an appealable order.

We will reject Martinez's contentions regarding the denial of his petition for resentencing. With regard to whether the order is appealable, we will note the issue is presently pending before our Supreme Court. Accordingly we will assume the order is appealable pending direction from the high court and will address the merits of the appeal.

PROCEDURAL BACKGROUND

In 1999, Martinez was convicted of two felony counts of commercial burglary. His strike priors (§ 667, subds. (b)-(i)) were found true, as was the alleged prison prior

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

(§ 667.5, subd. (b)). Martinez was sentenced to an indeterminate term of 26 years to life pursuant to the three strikes law.

Following the passage of the 2012 measure reforming the three strikes law, Martinez petitioned the trial court for resentencing. The trial court issued an order to show cause and received briefing on the question of whether Martinez was eligible for resentencing.

After the receipt of briefing and exhibits, the court found Martinez was not eligible for resentencing because of his 1976 prior conviction which the court found under current law, would be punishable by life imprisonment. The parties did not request an evidentiary hearing, thus the decision was based solely on the moving and responding papers.

Martinez filed a timely notice of appeal.

DISCUSSION

Martinez makes essentially a two-pronged attack on the trial court's order. First he argues the trial court applied the preponderance of evidence standard of proof in determining the truth of the factor which rendered him ineligible for resentence. The second attack is based on the claim that his 20-year-to-life sentence imposed in 1976, just prior to the enactment of the determinate sentencing law, is not the type of sentence referred to in the reform act because the statute on which it was based, section 213, was repealed in 1977. (Stats. 1977, ch. 165, § 5, p. 642.) He argues the offense today would not be punishable by a life sentence. We disagree with both assertions. However we will

3

first discuss the issue of whether the order can be appealed and then address Martinez's contentions in order.

## A. Should the Appeal Be Dismissed?

The People contend this appeal must be dismissed because Martinez was not eligible for resentencing, therefore the order denying his petition for resentencing is not appealable. (*People v. Totari* (2002) 28 Cal.4th 876, 883, 886-887.) The People concede, however that the question of whether an order denying a petition to recall the sentence under the reform act is now pending before the Supreme Court. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017.)

We recognize there is a controversy on this issue and that the high court will ultimately resolve it. However, since we are satisfied that Martinez is not eligible for resentencing, we believe the better use of resources is to assume the order is appealable and dispose of the case on the merits pending direction from the Supreme Court. Thus, we will turn next to the merits of Martinez's claims.

## B. The Burden of Proof

Both parties dispute the appropriate standard which should be used by a trial court in determining eligibility for resentencing. Interestingly, the trial court's brief remarks when it denied the petition do not mention the standard of proof the court used. One approach to the review of this issue would be to assume the trial court correctly applied the law. (Evid. Code, § 664.) However, since existing case law seems to have resolved this question we will proceed to analyze the competing claims.

4

Martinez's due process arguments in support of his claim that the prosecutor was required to prove ineligibility beyond a reasonable doubt are based in large part on *Apprendi v. New Jersey* (2000) 530 U.S. 466. There the court held that in a criminal prosecution the defendant may not be sentenced to a term beyond the statutory maximum for an offense unless the facts justifying the increase have been pled and proved beyond a reasonable doubt. However, Martinez's reliance on *Apprendi* and the cases which have followed it are inapposite to the issue before us. Martinez is now serving a sentence for convictions in 1999, in which case the prosecution pleaded and proved the facts which justified the third strike indeterminate sentence imposed at that time. Martinez is not now being prosecuted, and the People are not now seeking an enhanced sentence. Rather, Martinez is seeking to bring himself within the scope of the reform act so that he can reduce his current sentence.

This court rejected a similar argument in *People v. White* (2014) 223 Cal.App.4th 512, 526-527. In that case we noted the reform act deals separately with future prosecutions in which the act requires the prosecution to plead and prove the factors which would authorize an indeterminate third strike sentence. The act requires such factors to be proved beyond a reasonable doubt. The act, however, does not set a burden of proof for the determination of criminal history factors that would render an inmate ineligible for resentencing. (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1293.)

Where a statute does not set a burden of proof, then such burden is by a preponderance of the evidence. (Evid. Code, § 115; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.)

Of course, as we have pointed out previously, the trial court did not discuss the burden of proof and the parties did not object at the hearing. In any event, we are satisfied Martinez was not denied due process.

### C. The 1976 Conviction

In 1976 Martinez was convicted of robbery with the infliction of great bodily injury and the personal use of a firearm. His change of plea form recited that the crime was committed by: "Taking money from a person by use of a gun. The defendant also shot and injured the person he took the money from." Martinez was sentenced to an indeterminate term of 20 years to life. Martinez argues that since the 1976 sentence was imposed under section 213, which was repealed in 1977 with the enactment of the determinate sentencing law, the trial court erred in considering that sentence to be life imprisonment as defined in the reform act. He argues that if the court treated the sentence under then section 213 to qualify, he is denied equal protection because the same crime committed in 1977, would have received a determinate sentence. As Martinez notes, prior to the 1977 amendment to the sentencing law, many crimes were punishable with a life sentence. Robbery prior to that time was a five-year-to-life offense. Once the new sentencing system was created, robbery became a determinate sentence with a maximum of five years. Thus, Martinez argues the 20-year-to-life sentence in 1976 should not be treated as disqualifying.

6

Perhaps anticipating this issue, the trial court approached this issue by determining if the same offense, as committed by Martinez, had happened under present law, it would still be a life sentence offense.

The court reasoned that while robbery is a determinate term offense, as is the term for the great bodily injury enhancement (§ 12022.7), the factor that makes the offense a life imprisonment offense under current law is that the personal discharge of a firearm causing injury is punishable by a term of 25 years to life. (§ 12022.53, subd. (d).) Thus, under either sentencing system prior to and subsequent to the determinate sentencing law of 1977, the offense as Martinez described it under oath in his change of plea form, was punishable by life imprisonment. Therefore, the trial court properly concluded Martinez was not eligible for resentencing under section 1170.126.

## DISPOSITION

The order denying resentencing under section 1170.126 is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


IRION, J.

7