Filed 4/28/16  P. v. Mendez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>FRANKIE TOMMY MENDEZ,<br><br>　　　Defendant and Appellant. | B263199<br><br>(Los Angeles County<br>Super. Ct. No. YA041131) |

APPEAL from an order of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed.

Frankie Tommy Mendez, in pro. per., and Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In November 1988 Frankie Tommy Mendez pleaded guilty to three counts of attempted murder involving three separate victims and admitted firearm-use and great bodily injury enhancements. He was sentenced to an aggregate state prison term of 11 years eight months. Mendez was released on parole in March 1995 and discharged from parole on June 3, 1998.

In September 1999 a jury found Mendez guilty on one count each of possession for sale of methamphetamine, possession of methamphetamine with a firearm and possession of a firearm by a felon. The trial court found true the special allegations that Mendez had suffered three prior serious or violent felony convictions within the meaning of the three strikes law. Mendez was originally sentenced on each of the three counts to an indeterminate state prison term of 25 years to life, to be served concurrently. On Mendez's direct appeal this court modified the judgment to stay punishment on the conviction for possessing methamphetamine with a firearm pursuant to Penal Code section 654 but otherwise affirmed the convictions and judgment. (*People v. Mendez* (Nov. 14, 2000, B138160) [nonpub. opn.].)[1]

Mendez filed a petition for writ of habeas corpus 13 years later, challenging the restitution order made at trial and arguing that a defendant cannot suffer more than one strike in a single case. The trial court (Judge Eric C. Taylor) summarily denied the petition on July 15, 2013. This court denied Mendez's petition raising the same issues on September 26, 2013.

On November 14, 2013 Mendez filed a "Notice of Appeal under Penal Code § 1170.126," which the trial court (Judge William C. Ryan) deemed a petition for recall of sentence under Proposition 36 (Pen. Code, § 1170.126). In denying the petition the court found one of Mendez's prior convictions was for attempted murder, making him ineligible for resentencing under Proposition 36. (Pen. Code, §§ 1170.126, subd. (e)(3), 667, subd. (e)(2)(C)(iv)(IV).)

---

[1]     A petition for writ of habeas corpus, filed concurrently with Mendez's direct appeal, was summarily denied.

On November 18, 2014 Mendez filed yet another petition for writ of habeas corpus in the trial court, which Judge Taylor summarily denied, stating the issues Mendez raised had been previously considered and decided by the trial court and on appeal.

Thereafter, Mendez filed an ex parte motion "for reconsideration; motion to take judicial notice; motion for request for resentencing; petition for recall of sentence pursuant to Supreme Court of California Case *People v. Vargas*, Case Number S203744 pursuant to Penal Code sections 667(B)(I), 1170.12."[2] On February 27, 2015 Judge Taylor denied the motion on the ground "[t]here are no new facts [or] law presented. Further, a motion for reconsideration is not an appropriate motion on this 1999 conviction."

In his notice of appeal, filed April 1, 2015, Mendez challenges the trial court's order of February 26, [*sic*] 2015 "pursuant to Penal Code section[s] 1170.18 (A) and (F)," a reference to Penal Code provisions added by Proposition 47, and requests that we take judicial notice of three cases pending before the California Supreme Court, which he contends demonstrate he is entitled to relief under Propositions 36 and 47 and Penal Code section 1385 in light of *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*).

We appointed counsel to represent Mendez on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On October 26, 2015 we advised Mendez he had 30 days in which to personally submit any contentions or issues he wished us to consider. After granting one extension of time, on January 12, 2016 we received a 38-page typewritten "supplemental brief and request for evidentiary hearing."

At the threshold, we question whether the trial court's February 27, 2015 order denying a motion for reconsideration of issues raised in prior habeas corpus petitions and a request for resentencing in light of a then-recent California Supreme Court decision (*Vargas*) is appealable under Penal Code section 1237, subdivision (b), as "affecting the substantial rights of the party." (See generally *Teal v. Superior Court* (2014) 60 Cal.4th

---

[2]    This document is not part of the record on appeal.

595, 601; *People v. Totari* (2002) 28 Cal.4th 876, 886; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 984-985.) But assuming Mendez's appeal is properly before us, it is entirely devoid of merit.

To the extent Mendez is claiming he is entitled to be resentenced under Proposition 47, he failed to petition for such relief in the trial court in accordance with Penal Code section 1170.18. To the extent he is challenging the trial court's denial of his Proposition 36 petition, the court properly determined in rejecting a prior resentencing request that his prior convictions for attempted murder make him ineligible for relief; and, as the court ruled on February 27, 2015, there are no new facts or law that would mandate a different result now. To the extent Mendez is asserting he was improperly sentenced as a third strike offender under *Vargas, supra*, 59 Cal.4th 635, the decision does not apply to him because he was convicted of three felonies for the attempted murder of three victims, not multiple felonies "based on the same act, committed at the same time, against the same victim." (*Id.* at p. 638.) The additional issues raised in his supplemental brief, to the extent they can be understood, are beyond the scope of this appeal from the trial court's February 27, 2015 order or have no merit based on the record before us. Mendez argues his 1988 plea agreement was breached, the three strikes law is unconstitutional, he was not properly informed of the consequences of his 1988 plea, and his trial counsel rendered ineffective assistance.[3]

We have examined the record and are satisfied Mendez's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[3]     Included in Mendez's supplemental brief is a petition for writ of error coram nobis, which appears to have been intended for filing in the trial court, but raises the same issues as Mendez's supplemental brief on appeal.

## DISPOSITION

The order is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

BLUMENFELD, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.