Filed 10/23/14  P. v. Woods CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MELVIN WOODS,<br><br>        Defendant and Appellant. | A142010<br><br>(Alameda County<br>Super. Ct. No. C164426) |

Melvin Woods appeals from an order denying his postconviction motion for discharge from imprisonment.  His attorney has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), or our review pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).  We find no arguable issue and dismiss the appeal.

## I.  FACTS AND PROCEDURAL HISTORY

On August 19, 2010, pursuant to a plea bargain, Woods entered a no contest plea to one count of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] and admitted a prior conviction within the meaning of the Three Strikes Law (§§ 1170.12, subd. (c)(1), 667, subd. (e)(1)).  Woods agreed to a sentence of six years in state prison.

---

[1]        All statutory references are to the Penal Code.

1

On October 5, 2010, the court imposed the negotiated sentence of six years, comprised of the middle term of three years for the second degree robbery offense, doubled to account for the prior strike conviction.

The abstract of judgment, filed on October 19, 2010, indicated that Woods was sentenced as a second strike offender under section 667 or 1170.12, but it listed the total prison time to be three years, rather than three years doubled under the Three Strikes Law to six.

By letter dated May 30, 2013, the California Department of Corrections and Rehabilitation informed the trial court that the abstract of judgment might be erroneous or incomplete, since it indicated a three-year sentence instead of a six-year sentence.

On June 18, 2013, the court issued an amended minute order and an amended abstract of judgment, both showing a total term of six years.

On March 11, 2014, Woods filed a motion in pro per, captioned: "Notice and Notice of Motion after Judgment Imposed for Defendant to be Discharged from Imprisonment Pursuant to 3-Years Imposed as Reflected in the Abstract of Judgment Dated on 10/5/2010." Woods asked the court to enforce the three-year prison term set forth in the October 2010 abstract of judgment, noting he had originally been given a release date of May 25, 2013, and requesting his immediate release. Woods acknowledged, however, that the plea agreement had called for the doubling of the three-year term.

On April 24, 2014, the trial court denied Woods's motion in a minute order, as follows: "Defendant's ex parte motion, filed March 11, 2014, requesting that he be discharged is hereby DENIED. [¶] Defendant requests that he be discharged under the terms of the October 2010[] abstract of judgment which indicates that he was sentenced to 3 years. However, on August 19, 2010, Defendant plead[ed] guilty to second degree robbery and admitted to one strike prior.[2] On October 5, 2010, Defendant was sentenced to the middle term of 3 years which was doubled pursuant to Penal Code

---

[2] Technically, he entered a plea of no contest.

sections 1170.12 subd. (a) and 667 subd. (c) for a total of 6 years. The minutes from the sentencing indicate Defendant was sentenced to 6 years although the abstract of judgment incorrectly reflected that he was sentenced to 3 years. The California Department of Corrections sent a letter to the court dated May 30, 2013, indicating that there may be an error in the abstract of judgment and on June 18, 2013, an amended abstract of judgment was filed to correct the error and reflect that Defendant was sentenced to a total of 6 years. Accordingly, Defendant's request for discharge is denied. [¶] It appears that Defendant was not served a copy of the 2013 amended abstract of judgment. Upon the court's own motion and good cause appearing, the clerk shall send a copy of the amended abstract of judgment to Defendant."

On May 23, 2014, Woods filed a notice of appeal, purporting to appeal from a minute order entered on "March 14, 2014," which affected "the 'substantial rights' of the defendant 'after judgment was imposed' " by "denying defendant's right to be discharged from custody on jurisdictional grounds."

## II. DISCUSSION

We construe the notice of appeal broadly, deeming it to appeal from the April 2014 order denying Woods's postjudgment motion for discharge from imprisonment, even though the notice incorrectly stated that the order was entered in March 2014.

To the extent the order constitutes an "order made after judgment, affecting the substantial rights of the party," Woods's attorney contends the ruling is appealable pursuant to section 1237, subdivision (b). (See *People v. Totari* (2002) 28 Cal.4th 876, 881-882.) To the extent the order is the functional equivalent of the denial of a petition for a writ of habeas corpus, which is not an appealable order, Woods's attorney contends we have discretion to treat the appeal as a petition for extraordinary writ relief. (See *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.) We accept review pursuant to section 1237.

In Woods's opening brief, his counsel acknowledges it has been held that a defendant does not have the right to *Wende* review on appeal from a postconviction

proceeding, since *Wende* review is limited to the defendant's first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 498-499, 503 (*Serrano*) [no *Wende* review in appeal from denial of postconviction motion attacking the sufficiency of the immigration consequence advisements given to the defendant at the time of his no contest plea].) According to *Serrano*, in an appeal from a postconviction criminal proceeding in which appellate counsel has not raised any specific issues, the applicable procedures are set forth in *Ben C., supra,* 40 Cal.4th 529. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.) In *Ben C.*, the court ruled: "If appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id*. at p. 544, fn. 6.) The appellate court may then dismiss the appeal if there are no arguable issues. (*Id*. at p. 544.) Woods's attorney urges that, if we do not conduct a full *Wende* review, we should conduct a *Ben C.* review, including affording Woods the opportunity to file a supplemental brief.

Woods's appellate counsel represents in the opening brief in this appeal that counsel wrote to Woods and advised him of the filing of a *Wende* brief and his opportunity to personally file a supplemental brief raising any issues he wished to call to the court's attention within 30 days. Notwithstanding this opportunity, this court has not received any supplemental brief from Woods.

Having conducted a review appropriate under *Wende* and *Ben C.*, we find no arguable issue on appeal.

There are no legal issues that require further briefing.

### III. DISPOSITION

The appeal is dismissed.

4

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BRUINIERS, J.