Filed 12/16/14  P. v. Rogers CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT WAYNE ROGERS,<br><br>        Defendant and Appellant. | H041221<br>(Santa Cruz County<br>Super. Ct. No. S7-09131)<br><br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on December 3, 2014, be modified as follows:

1.  On page 2, line 3 after the sentence ending with "July 15, 2014" the following sentence is inserted:

This order is appealable.  (*Teal v. Superior Court* (Nov. 6, 2014, S211708) ___ Cal.4th ___ [2014 Cal. LEXIS 10481].)

2.  Starting on page 2, line 6, the sentence beginning with "In his brief" and continuing on page 3, to and including the first full paragraph beginning with "Similarly, in enacting" is deleted.

There is no change in the judgment.

Dated: _____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT WAYNE ROGERS,<br><br>        Defendant and Appellant. | H041221<br>(Santa Cruz County<br>Super. Ct. No. S7-09131) |

On March 30, 1998, defendant Robert Wayne Rogers was convicted by court trial of three counts of robbery (Pen. Code, § 211) and one count of felony false imprisonment (Pen. Code, § 236).[1]  It was also found that he suffered two prior "strike" conviction (§§ 667, subds. (b)-(i), 1170.12), two prior serious felony convictions (§ 667, subd. (a)), and prior prison commitments (§ 667.5, subd. (b)).  He was sentenced to serve 75 years to life consecutive to 17 years.  Defendant was sentenced under the "Three Strikes" law prior to its amendment in 2012.

On June 26, 2014, the defendant filed a petition for recall of sentence under the Three Strikes Law Reform Act (the Act) and section 1170.126.  On July 2, 2014, the trial court denied the petition, finding the defendant ineligible for re-sentencing under the provisions of the Act because his current offenses include robbery.  Defendant filed a

---

[1] All future statutory references are to the Penal Code unless otherwise specified.

timely notice of appeal from the trial court's order with a request for a certificate of probable cause on July 14, 2014. The court granted a certificate of probable cause on July 15, 2014.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*)), which states the case and the facts but raises no specific issues. In his brief defendant also concedes that there is currently a split of authority on the question of whether an order denying resentencing under the Three Strikes Reform Act is appealable. Some courts have found the order appealable. (*People v. Soto* (2014) 228 Cal.App.4th 967, review granted Oct. 15, 2014, S220865; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted Jul. 21, 2013, S212017.) However, others have found the orders not appealable, or subject to review only by writ. The issue is currently on review. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted Jul. 31, 2013, S211708.) We agree with the courts that have held that the order is appealable. (*People v. Totari* (2002) 28 Cal.4th 876, 881 (*Totari*).)

The right of appeal is statutory, and a judgment or order is not appealable unless expressly made so by statute. (*Totari, supra,* 28 Cal.4th at p. 887; *People v. Mazurette* (2001) 24 Cal.4th 789, 792.) In *Totari*, the California Supreme Court concluded that a trial court's denial of a motion to vacate a judgment based upon a guilty or nolo contendere plea for failure to advise a defendant of the potential adverse immigration consequences resulting from his or her conviction was appealable. (*Totari, supra,* 28 Cal.4th at p. 880.) Section 1016.5, which requires the advisement and provides for a motion to vacate where the advisement was not given, did not expressly authorize an appeal from the denial of such a motion to vacate, but the court concluded that an appeal was permissible pursuant to section 1237, subdivision (b). (*Totari, supra,* 28 Cal.4th at p. 887.) The court explained, "[T]he Legislature has established specific requirements for a motion to vacate under section 1016.5. Once the Legislature has determined that a

noncitizen defendant has a substantial right to be given complete advisements and affords defendant a means to obtain relief by way of a *statutory* postjudgment motion to vacate, the 'no second appeal' rule loses its urgency and a denial order qualifies as an 'order made after judgment, affecting the substantial rights of the party' (§ 1237, subd. (b))." (*Totari, supra,* 28 Cal.4th at pp. 886-887, fn. omitted.)

Similarly, in enacting section 1170.126, the electorate provided a statutory procedure for inmates serving indeterminate life sentences imposed under the Three Strikes law before its amendment by Proposition 36 to obtain resentencing in accordance with the terms of the amended law. This conferred a substantial right upon such inmates to have a trial court consider whether they should be resentenced. Thus, a trial court's denial of a section 1170.126 petition to recall is an "order made after judgment, affecting the substantial rights of the party" and is appealable pursuant to section 1237, subdivision (b). Because such an appeal will properly pertain only to the denial of the petition to recall, it will not constitute a second appeal from the judgment.

Pursuant to *Serrano,* on August 25, 2014, we notified appellant of his right to submit written argument in his own behalf within 30 days. On September 5, 2014, we received a lengthy supplemental brief from appellant. In his brief, defendant contends that the trial court erred in finding him ineligible for resentencing, that his robbery convictions should not disqualify him because a jury never found him guilty of any violence, weapons use or injury to another. He takes issue with the inclusion of robbery as a disqualifying crime under section 1170.126. He also asks this court to order a reduction of his sentence in the "spirit" of Proposition 36, to a term more appropriate to the crime of conviction. Nothing in appellant's brief raises an arguable issue on appeal. Therefore, we must dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

4