Filed 2/24/15  P. v. McMurray CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DARROL LEE MCMURRAY,<br><br>        Defendant and Appellant. | C074792<br><br>(Super. Ct. No. 97F06716) |

Defendant Darrol Lee McMurray appeals from an order denying a petition to recall his so-called "three strikes" sentence of 25 years to life, brought pursuant to the provisions of the Three Strikes Reform Act of 2012 (the Act), codified at Penal Code section 1170.126.[1]  (See *Teal v. Superior Court* (2014) 60 Cal.4th 595 (*Teal*).)

Defendant's petition to recall his sentence and for resentencing was denied upon determination that he was not eligible for relief under the Act because the commitment offense was robbery.  (See §§ 667.5, subd. (c)(9), 1170.126, subd. (e)(1), 1192.7, subd. (c)(19).)

---

[1] Undesignated statutory references are to the Penal Code.

1

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant timely filed a supplemental brief by which he seeks to challenge the validity and constitutionality of the commitment judgment. " ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." ' [Citations.]" (*People v. Mena* (2012) 54 Cal.4th 146, 152.) Appeal of the order denying relief under the Act is authorized by subdivision (b) of section 1237, as an order made after judgment, affecting the substantial rights of defendant. (*Teal*, *supra*, 60 Cal.4th at p. 601.) However, that statutorily conferred appellate jurisdiction is limited to review of the decision to deny relief under the Act. To convert that limited grant of jurisdiction to effectuate appellate review of the commitment judgment would in substance allow a belated motion to vacate that judgment, thereby violating the proscription on so " 'bypass[ing] or duplicat[ing] appeal from the judgment itself.' [Citation.]" (*People v. Totari* (2002) 28 Cal.4th 876, 882.) The contentions tendered by defendant's supplemental brief are not cognizable on this appeal of the order denying relief under the Act.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.

          RAYE         , P. J.

We concur:

    BLEASE     , J.

    NICHOLSON   , J.

2