Filed 2/24/15  P. v. Hernandez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>RAUL ALVAREZ HERNANDEZ,<br><br>    Defendant and Appellant. | C077270<br><br>(Super. Ct. No. 96F06256) |

Defendant Raul Alvarez Hernandez appeals from an order denying a motion to recall his so-called "three strikes" sentence of 25 years to life, brought pursuant to the provisions of the Three Strikes Reform Act of 2012 (the Act), codified at Penal Code section 1170.126.[1]  (CT 2-5, 6-7, 9)  (See *Teal v. Superior Court* (2014) 60 Cal.4th 595.)

Defendant's petition to recall his sentence and for resentencing was denied upon determination that he was not eligible for relief under the Act because he had sustained a

---

[1] Undesignated statutory references are to the Penal Code.

prior conviction for first degree murder.  (See §§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV), 1170.126, subd. (e)(3).)  (CT 6-7)

Counsel was appointed to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant timely filed a supplemental brief by which he first argues that the "will of the People" is not furthered by deeming defendant not eligible for relief under the Act when the commitment offense is "simple possession of a controlled substance without more."  (Supp AOB 1)  However, "[t]o determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning.  [Citations.] When ' "statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." '  [Citation.]  The plain meaning of words in a statute may be disregarded only when the meaning is ' "repugnant to the general purview of the act," or for some other compelling reason. . . .'  [Citation.]  These principles apply as much to initiative statutes as to those enacted by the Legislature. [Citation.]"  (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 601; accord, *People v. Robinson* (2010) 47 Cal.4th 1104, 1138.)  The Act expressly and unambiguously precludes recall of sentence and resentencing if defendant has a prior conviction for any homicide offense.  (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV), 1170.126, subd. (e)(3).)  Hence, defendant's prior conviction for first degree murder (CT 3, 6), renders him ineligible for resentencing without regard to the severity of the commitment offense.

Otherwise, defendant's supplemental brief presents challenges to the validity and constitutionality of the commitment judgment.  (Supp. AOB 1-2)  " 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly

2

made so by statute.' [Citations.]" (*People v. Meza* (2012) 54 Cal.4th 146, 152.)  Appeal of the order denying relief under the Act is authorized by subdivision (b) of section 1237, as an order made after judgment, affecting the substantial rights of defendant.  (*Teal* v. Superior Court, *supra*, 60 Cal.4th at p. 601.)  However, that statutorily conferred appellate jurisdiction is limited to review of the decision to deny relief under the Act.  To convert that limited grant of jurisdiction to effectuate appellate review of the commitment judgment would in substance allow a belated motion to vacate that judgment, thereby violating the proscription on so "bypass[ing] or duplicat[ing] appeal from the judgment itself.' [Citation.]" (*People v. Totari* (2002) 28 Cal.4th 876, 882.)  Defendant's challenges to the commitment judgment are not cognizable on this appeal of the order denying relief under the Act.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment (order) is affirmed.


       RAYE       , P. J.


We concur:


    BLEASE    , J.


    NICHOLSON   , J.

3