Filed 9/2/16  P. v. Harrell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C079292 |
| Plaintiff and Respondent, | (Super. Ct. No. 62049800) |
| v. | |
| JOSHUA NEIL HARRELL, | |
| Defendant and Appellant. | |

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 created a resentencing provision, codified at Penal Code section 1170.18,[1] which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce felonies to

---

[1] Undesignated statutory references are to the Penal Code.

1

misdemeanors. Defendant Joshua Neil Harrell appeals from an order denying in part his petition to reduce his commitment convictions from felonies to misdemeanors.

Defendant's motion was denied in part upon a determination that he was not eligible for relief as to two of the commitment offenses because they were violations of subdivision (d) of section 368, theft or embezzlement or identity theft from elder, and subdivision (a) of section 530.5, identity theft, neither of which is among the eligible offenses listed in section 1170.18.[2]

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Kisling* (2015) 239 Cal.App.4th 288; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v.*

---

[2] At least in the absence of any showing that the value of the property did not exceed $950. (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-138; *People v. Sherow* (2015) 239 Cal.App.4th 875, 880; §§ 490.2, subd. (a), 1170.18, subd. (a).)

2

*Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we will adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief by which he argues that he was not competent to enter a plea to the commitment offenses and that he did not voluntary and intelligently enter into the plea.

Defendant's supplemental brief presents challenges to the validity and constitutionality of the commitment judgment. " 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citations.]" (*People v. Mena* (2012) 54 Cal.4th 146, 152.) Appeal of the order denying relief under Proposition 47 is authorized by subdivision (b) of section 1237, as an order made after judgment, affecting the substantial rights of defendant. (Cf. *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.) However, that statutorily conferred appellate jurisdiction is limited to review of the decision to deny relief under Proposition 47. To convert that limited grant of jurisdiction to effectuate appellate review of the commitment judgment would in substance allow a belated motion to vacate that judgment, thereby violating the proscription on so " 'bypass[ing] or duplicat[ing] appeal from the judgment itself.' [Citation.]" (*People v. Totari* (2002) 28 Cal.4th 876, 882.) Defendant's challenges to the commitment judgment are not cognizable on this appeal of the order denying relief under Proposition 47.[3]

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[3] Defendant's contentions cannot be reasonably construed to be claims that the sentence is "unauthorized," and thereby within the "narrow exception" permitting the claims to be "raised at any time." (Cf. *People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Welch* (1993) 5 Cal.4th 228, 235.)

## DISPOSITION

The judgment (order) is affirmed.

          RAYE          , P. J.

We concur:

        ROBIE        , J.

        MAURO        , J.